UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CYNTHIA PARDY,

        Plaintiff,

-against-

BILL GRAY, SHELLY LAZARUS, OGILVY & MATHER WORLDWIDE, INC., WPP GROUP, PLC, STUART FRIEDEL, DAVIS & GILBERT LLP, GLORIA HALL, CYNTHIA RIVET, TORE KLAESSON, GORDON TAN, BARBARA PELHAM, ZACH NELSON, JOHN DOE/JANE DOE, IBM CORPORATION

        Defendants.

Civ. Case No. 07-CV-6324 (LAP)

## DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S SUPPLEMENTAL DECLARATION TO THE PENDING MOTIONS

**DAVIS & GILBERT LLP**
Paul F. Corcoran
Dominick R. Cromartie
1740 Broadway
New York, NY  10019
(212) 468-4800
*Attorneys for Ogilvy & Mather Worldwide Inc., Davis & Gilbert LLP and Stuart Friedel*

## **PRELIMINARY STATEMENT**

On September 7, 2007, this Court directed defendants to serve plaintiff Cynthia Pardy ("plaintiff") with a Local Rule 56.2 Notice and authorized plaintiff to submit supplemental papers in opposition to defendants' Motion for Summary Judgment within three weeks from the receipt thereof;[1] and that defendants Ogilvy & Mather Worldwide Inc. ("Ogilvy"), Davis & Gilbert LLP ("Davis & Gilbert") and Stuart Friedel (collectively "defendants") submit responsive papers to any supplemental submission by plaintiff. Plaintiff subsequently sought and obtained a two-week extension of that submission period. This supplemental memorandum of law is being submitted by defendants in response to the Supplemental Declaration of plaintiff, dated October 15, 2007.

Notably, plaintiff's Supplemental Declaration of October 15, 2007, makes no claim that plaintiff needs any discovery before this Court may pass upon the pending cross-motion for summary judgment. Instead, plaintiff expressly asks this Court to rule upon the competing motions for summary judgment. Beyond that, plaintiff offers the Court nothing new in her Supplemental Declaration.[2]

Having been given another opportunity to demonstrate the existence of some material fact which would avoid summary judgment dismissing her claims, plaintiff offered the Court neither additional evidence nor additional law in support of her position. Rather, plaintiff once again resorts to a litany of *ad hominem* attacks upon defendants' counsel, demonstrating, by her papers, the total absence of any meritorious argument in support of her complaint. Like her

---

[1] *See* Hearing Transcript at pp. 11 – 12, dated September 7, 2007.

[2] During the September 7th hearing, the Court informed plaintiff that if she could not formulate a response to defendants' motion for summary judgment, "you can put in an affidavit saying I can't formulate a response now, here's why, and thus, I ask you to hold the motion until I can, for example, get the evidence." Hearing Transcript at p. 11.

2

earlier declaration in opposition to defendants' brief in further support of summary judgment, plaintiff's Supplemental Declaration fails to address most of the dispositive issues raised by defendants' motion. Plaintiff makes no attempt to: (1) demonstrate the existence of "standing" which would allow her to advance her frivolous RICO claims; (2) she does not address her failure to exhaust administrative process before bringing Sarbanes-Oxley ("SOX") claims against any defendants beyond Ogilvy and WPP; (3) she does not address her failure to exhaust administrative remedies before bringing Title VII sexual harassment claims; and (4) she does not offer the Court either evidence or argument to overcome the compelling documentary evidence put forth by the defendants which demonstrates that her SOX claims are defeated by the unquestionably legitimate grounds Ogilvy had to terminate her in January 2006, after she admittedly made no effort to satisfy the company's performance requirements during her final probationary period. (*See* Zanne Dec. at Ex. C.) *Ad hominem* attacks aside, plaintiff's Supplemental Declaration, like her earlier filings, offers the Court no basis to deny defendants' well-supported motion for summary judgment.

## ARGUMENT

### A. *Defendants' Standing Argument Defeats Plaintiff's RICO Claims*

Conflating the dispositive SOX issues raised by defendants' counsel on September 7, 2007 with the fact issues raised by plaintiff's frivolous civil RICO allegations, plaintiff's supplemental declaration fails to raise any disputed issues of material fact which would defeat defendant's motion for summary judgment. As demonstrated in defendants' earlier submissions, plaintiff's civil RICO claim must be dismissed because plaintiff has proffered no evidence to support her "standing" under RICO. Her complaint alleges no facts to support any causal relationship between the fraudulent scheme she alleges and her subsequent employment

termination.³ And the caselaw cited by defendants in their brief in further support of summary judgment establishes that loss of employment for whistle-blowing does not create standing to sue under RICO (*see* Defendant's Memorandum of Law in Support of Summary Judgment at p. 12 - 13, citing *Hecht v. Commerce Clearing House Inc.*, 897 F.2d 21 (2d Cir. 1990); *Anza v. Ideal Steel Supply Corp.*, 126 S. Ct. 1991 (2006); *see also Beck v. Prupis*, 529 U.S. 494, 505 (2000); *Burdick v. American Express* Co., 865 F.2d 527, 528 – 29 (2d Cir. 1989); *Anderson v. Ayling*, 396 F.3d 265 (3d Cir. 2005); *Pujol v. Shearson/American Express Inc.*, 829 F.2d 1201 (1st Cir. 1987); *Cullom v. Hibernia Nat. Bank*, 859 F.2d 1211 (5th Cir. 1988); *O'Malley v. O'Neill*, 887 F.2d 1557 (11th Cir. 1989); *In re Neurontin Mktg. & Sale Practices Litig.*, MDL No. 1629, Civ. No. 04-10981, 2007 U.S. Dist. LEXIS 63898, *66 – 83 (D. Mass. Aug. 29, 2007).

  B. *The September 7th Conference Concerned Plaintiff's SOX Claim – Not Her RICO Claim*

  Contrary to the claims in plaintiff's supplemental papers, the third-party vendor claims in plaintiff's July memo discussed at the conference on September 7, 2007 had nothing to do with plaintiff's frivolous RICO claim. The discussion was explicitly directed to the "protected activity" of plaintiff's SOX claim. The point advanced by defendant's counsel on September 7th was that plaintiff's July 2005 memo focused on fraud by Gordon Tan, a third-party vendor, that did not include the allegations of "serious fraud, theft or mismanagement" by Ogilvy employees—which would not be raised by plaintiff until her December 12, 2005 SOX Letter—sent four weeks after she was placed on a final 30-day probation. A simple reading of plaintiff's January 2005 memo establishes the point advanced by defendants on September 7th.⁴

---

³ In fact, plaintiff's RICO claims do not even allege termination of employment as her injury. The RICO claim alleges no injury to her business or property cognizable under 18 U.S.C. 1962.

⁴ As the July memo and accompanying summary of facts show, plaintiff's allegations focused on the conduct of Gordan Tan and warned her superiors against using Tan in the future. Moreover, plaintiff's own declaration in opposition to summary judgment admits that she did not even "suspect" her supervisors of any fraudulent cover-

4

### C. Defendants' Legitimate Basis for Terminating Plaintiff Defeats Her SOX Claim

Significantly, plaintiff's Supplemental Declaration offers no evidence to refute defendants' motion for summary judgment on plaintiff's SOX claim. Defendant's moving papers establish, by compelling evidence, that defendant Ogilvy would have terminated plaintiff on January 2006 for legitimate business reasons, notwithstanding her December 12, 2005 allegations of "fraud, theft and mismanagement." The admitted and undisputed facts are that plaintiff received a final 30-day probation notice of November 14, 2005. Thereafter she did not respond to the probationary notice until December 16, 2005. At that time she rejected it out of hand as entirely baseless. Plaintiff admittedly made no effort to make any improvements in her job performance as a result of the November 14, 2005 probation notice, and expressed no intent to do so. Plaintiff's December 16, 2005 defiant response to the November 14, 2005 final probation notice made her January 2006 termination an inevitable consequence of her own conduct. No retaliation claim can survive such admitted conduct.

Notably, plaintiff fails to address the caselaw cited in defendants' brief in further support of summary judgment, which shows that numerous courts have granted summary judgment to defendants when an employer proffered legitimate business reasons for plaintiff's termination. *See JDS Uniphase Corp. v. Jennings,* 473 F. Supp. 2d 705, 712 (E.D. Va. 2007) (finding that employer would have terminated plaintiff "for reasons unrelated to his alleged protected activity, to wit, for his admitted disdain for, and deliberate disregard of, [employer's] policies and procedures."); *Livingston v. Wyeth Inc.,* No. 1:03 CV 00919, 2006 U.S. Dist. LEXIS 52978, at *36 (M.D.N.C. July 28, 2006) (granting defendant's motion for summary

---

*(continued . . .)*

up of Tan's misconduct until many months later – after her October 2005 meeting with Gloria Hall and the

5

judgment when defendant submitted "evidence that they contend shows that [plaintiff] had relationship problems with his subordinates, peers and supervisors; was inaccessible; missed meetings; and exhibited insubordinate conduct" and that "even if there were protected activity, Defendants have pointed to clear and convincing evidence that [plaintiff] would have been terminated for insubordination unrelated to the protected activity."); *see also Sussberg v. K-Mart Holding Corp.*, 463 F. Supp. 2d 704, 715 (E.D. Mich. 2006) (granting motion to dismiss finding that "multiple intervening events contributed to the decision to terminate [plaintiff], including his inability to get along with coworkers and ... that [plaintiff] was not performing well in the buyers' new role.") This caselaw is dispositive here. Even if plaintiff had made out a *prima facie* showing under, 29 C.F.R. 1980.104, which she did not, defendants have shown by clear and convincing evidence that Ogilvy would have taken the same termination actions against plaintiff in the absence of any alleged protected conduct.

Dated: October 30, 2007
      New York, New York

                                       DAVIS & GILBERT LLP

                                       Paul F. Corcoran
                                       Dominick R. Cromartie
                                       1740 Broadway
                                       New York, NY 10019
                                       (212) 468-4800
                                       *Attorneys for Ogilvy & Mather Worldwide Inc., Davis & Gilbert LLP and Stuart Friedel*

---

*(continued...)*

    company's outside counsel. (*See* Pardy Declaration in Opposition, dated June 11, 2007 at ¶ 56.)